United States Department of Justice

*United States Attorney*
*Southern District of West Virginia*

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 25301*
*1-800-659-8726*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*304-345-2200*
*FAX: 304-347-5104*

FILED
MAR 1 6 2015
TERESA L. DEPPNER, CLERK

February 10, 2015

Kathleen A. Gallagher, Esq.
Eckert Seamans Cherin & Mellott, LLC
44th Floor, U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219

   Re: United States v. William E. Tis
      Criminal No. 2:14-cr-00264 (USDC SDWV)

Dear Ms. Gallagher:

  This will confirm our conversations with regard to your client, William E. Tis (hereinafter "Mr. Tis"). As a result of these conversations, it is agreed by and between the United States and Mr. Tis as follows:

  1. **PENDING CHARGES.** Mr. Tis is charged in three counts of a 14-count superseding indictment as follows:

   (a) Count One charges Mr. Tis with a violation of 33 U.S.C. §§ 1319(c)(1)(a) and 1311 (negligent discharge of a pollutant into navigable water);

   (b) Count Two charges Mr. Tis with a violation of 33 U.S.C. §§ 407 and 411 (causing unlawful discharge of refuse matter into navigable water); and

   (c) Count Three charges Mr. Tis with a violation of 33 U.S.C. §§ 1319(c)(1)(A), 1311, and 1318 (negligent violation of permit condition).

  2. **RESOLUTION OF CHARGES.** Mr. Tis will plead guilty to a violation of 33 U.S.C. §§ 407 and 411 (causing unlawful discharge

                   _WT_
                   Defendant's
                     Initials

Kathleen A. Gallagher, Esq.  
February 10, 2015  Re: William E. Tis  
Page 2

of refuse matter into navigable water), as charged in Count Two of the superseding indictment. Following final disposition, the United States will move the Court to dismiss Counts One and Three in Criminal No. 2:14-cr-00264 as to Mr. Tis.

    3.    **MAXIMUM POTENTIAL PENALTY**. The maximum penalty to which Mr. Tis will be exposed by virtue of this guilty plea is as follows:

    (a)    Imprisonment for not less than 30 days and not more than one year;

    (b)    A fine of up to $25,000 per day of violation. Alternatively, and pursuant to 18 U.S.C. § 3571, a fine of $100,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater, may be imposed;

    (c)    A term of supervised release of one year;

    (d)    A mandatory special assessment of $25 pursuant to 18 U.S.C. § 3013; and

    (e)    An order of restitution pursuant to 18 U.S.C. §§ 3563(b) and 3583(d), and USSG §5E1.1(a)(2).

    4.    **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Mr. Tis will tender a check or money order to the Clerk of the United States District Court for $25, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Tis will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Tis fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Tis.

                                            _WT_  
                                          Defendant's  
                                          Initials

Kathleen A. Gallagher, Esq.
February 10, 2015                               Re: William E. Tis
Page 3

5. **RESTITUTION.** The United States and Mr. Tis agree that fashioning a restitution order based on the offense of conviction would unduly complicate and prolong the sentencing process to a degree that outweighs the need to order restitution in Mr. Tis's case. See 18 U.S.C. § 3663(a)(1)(B)(ii).

6. **PAYMENT OF MONETARY PENALTIES.** Mr. Tis agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Tis further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

7. **COOPERATION.** Mr. Tis will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Tis may have counsel present except when appearing before a grand jury.

8. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Tis, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by Mr. Tis pursuant to this agreement, or any evidence developed therefrom, will be used against Mr. Tis, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

9. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Tis for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Tis for perjury

_WT_
Defendant's
Initials

Kathleen A. Gallagher, Esq.
February 10, 2015                          Re: William E. Tis
Page 4

or false statement if such a situation should occur pursuant to this agreement.

  10. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Tis stipulate and agree that the facts comprising the offense of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

  Mr. Tis agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Mr. Tis, and Mr. Tis is subsequently tried on any of the charges in the superseding indictment, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Tis or of any his witnesses, or in rebuttal of any testimony introduced by Mr. Tis or on his behalf. Mr. Tis knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

  The United States and Mr. Tis understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

  11. **SUBSTANTIAL ASSISTANCE.** If the United States determines that Mr. Tis's cooperation pursuant to this agreement has substantially assisted in the prosecution of another person, and the United States Attorney for the Southern District of West Virginia decides, in the sole exercise of his discretion, to authorize the filing of a motion pursuant to USSG §5K1.1 (substantial assistance to authorities), the United States agrees that such motion shall also be filed pursuant to 18 U.S.C. § 3553(e)(authority to impose sentence below statutory minimum).

  12. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Tis knowingly and voluntarily waives his right to seek appellate review of his

_WT_<br>
_____<br>
Defendant's<br>
Initials

Kathleen A. Gallagher, Esq.
February 10, 2015                              Re: William E. Tis
Page 5

conviction and of any sentence of imprisonment or fine or term of probation imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that he may appeal any sentence that exceeds the maximum penalty prescribed by statute. The United States also agrees to waive its right to appeal any sentence of imprisonment or fine or term of probation imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Mr. Tis also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

13. **WAIVER OF FOIA AND PRIVACY RIGHT**. Mr. Tis knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

14. **FINAL DISPOSITION**. The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a)  Inform the Probation Office and the Court of all relevant facts and conduct;

(b)  Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

                                              _____
                                              Defendant's
                                              Initials

Kathleen A. Gallagher, Esq.
February 10, 2015                    Re: William E. Tis
Page 6

    (c)    Respond to questions raised by the Court;

    (d)    Correct inaccuracies or inadequacies in the presentence report;

    (e)    Respond to statements made to the Court by or on behalf of Mr. Tis;

    (f)    Advise the Court concerning the nature and extent of Mr. Tis's cooperation; and

    (g)    Address the Court regarding the issue of Mr. Tis's acceptance of responsibility.

15.  **VOIDING OF AGREEMENT**. If either the United States or Mr. Tis violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

16.  **ENTIRETY OF AGREEMENT**. This written agreement constitutes the entire agreement between the United States and Mr. Tis in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Tis in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

                    R. BOOTH GOODWIN II
                    United States Attorney

            By: *[signature]*
                    Philip H. Wright
                    Assistant United States Attorney

PHW/vld

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this seven-page agreement that I have read and carefully discussed every

                                          *[initials]*
                                        Defendant's Initials

Kathleen A. Gallagher, Esq.
February 10, 2015                              Re: William E. Tis
Page 7

part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          _____
William E. Tis                      Date Signed
Defendant                           2-10-15

_____          _____
Kathleen A. Gallagher, Esq.         Date Signed
Counsel for Defendant               10 Feb. 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:14-cr-00264-02

WILLIAM E. TIS

## STIPULATION OF FACTS

The United States and William E. Tis ("Tis") stipulate and agree that the facts comprising the offense of conviction, Count Two of the superseding indictment, include the following:

1. The Chemical Spill of January 9, 2014

On January 9, 2014, a major chemical leak was discovered at an above-ground storage tank farm located on the east bank of the Elk River, on Barlow Drive in Charleston, West Virginia, within the Southern District of West Virginia. The tank farm, known as the Etowah River Terminal ("Etowah Facility"), was owned by Freedom Industries, Inc. ("Freedom"), a West Virginia corporation.

Freedom used the Etowah Facility to store and process chemicals and other substances, including a substance that was used in the coal-mining industry as a cleansing agent and which consisted primarily of the chemical 4-methylcyclohexane methanol. That substance, both in the form as Freedom originally purchased it and in the form after Freedom processed it, was commonly referred to (and will be referred to hereinafter) as "MCHM."

The major chemical leak that occurred on January 9, 2014, consisted of MCHM, which leaked from Tank 396 at the Etowah Facility. MCHM breached containment, ran down the riverbank and

*WT*
Defendant's Initials

**PLEA AGREEMENT EXHIBIT A**

1

discharged into the Elk River. After it leaked from the tank, the MCHM was a pollutant and, therefore, refuse matter. The Elk River was, and is, a navigable water of the United States. Freedom did not have a permit issued pursuant to the CWA to discharge MCHM or any other refuse into the Elk River.

### 2. Freedom Industries and Tis

For many years, and at all relevant times, Freedom and its affiliated companies, which included Etowah River Terminal, LLC ("ERT"), were engaged in the business of storing and selling chemicals and other substances used in various industries such as the coal mining industry.

Tis, along with co-defendants Dennis P. Farrell and Charles E. Herzing, owned Freedom. Tis, Herzing, and Farrell were also officers and directors of Freedom until December 6, 2013, when they sold their shares to a Pennsylvania corporation. From at least 2004 until the sale on December 6, 2013, Tis served as secretary of Freedom, Herzing as vice-president, and Farrell as president of Freedom.

Tis, Herzing and Farrell formed ERT in 2001 for the purpose of operating the Etowah Facility, which ERT purchased in approximately November 2001. At all relevant times, ERT acted on behalf of and with the intent to benefit Freedom.

Tis and his fellow officers, and directors of Freedom supervised the management of Freedom, including the Etowah Facility. They participated in management meetings and meetings of the board of directors. In those meetings, Tis and the other officers and directors of Freedom reviewed and discussed issues, made decisions, and generally exercised authority over Freedom the Etowah Facility.

### 3. Freedom's Non-compliance with Permit, Causing the Spill

Freedom, directly and through its agent ERT, operated the Etowah Facility pursuant to a "Multi-Sector General Water Pollution Control Permit," No. WV0111457, Registration No. WVG610920 ("The Permit"), that was issued by the State of West Virginia, Department of Environmental Protection, pursuant to

_____
Defendant's Initials

**PLEA AGREEMENT EXHIBIT A**

2

the National Pollutant Discharge Elimination System ("NPDES"). The Permit, which was in effect at all relevant times, authorized Freedom (and ERT) to discharge storm water into navigable waters, subject to monitoring and reporting requirements for certain pollutants, but it did not allow for the discharge of MCHM into any navigable waters.

Among other things, the Permit required Freedom to develop, maintain, and implement a storm-water pollution prevention plan ("storm-water plan") and groundwater protection plan ("groundwater plan") for the Etowah Facility. The Permit further required that a storm-water plan include and implement certain controls to prevent pollution, including inspection and testing of plant equipment and systems. The Permit also required a groundwater plan to be prepared in accordance with certain State regulations, which in turn require that an above-ground storage tank have secondary containment capable of holding a spill for up to 72 hours.

Up until December 6, 2013, Tis was one of Freedom's responsible corporate officers, having the responsibility and the authority to ensure that Freedom and the Etowah Facility were operated in compliance with the law, including all environmental laws and the Permit. As an officer and director of Freedom, Tis was aware of the Permit. As of at least May 2009, he was put on notice that Freedom was required to have a storm-water plan.

Furthermore, and while he was a responsible corporate officer for Freedom, Tis had the responsibility and the authority to ensure that Freedom complied with the Permit, including the requirement that a storm-water plan and groundwater plan be developed, implemented and maintained. During Tis's tenure as a responsible corporate officer, Freedom never developed or implemented a storm-water plan for the Etowah Facility.

Freedom's failure to develop and implement a storm-water plan and a groundwater plan for the Etowah Facility was a contributing cause to the discharge of MCHM from the Etowah Facility into the Elk River on January 9, 2014.

_____
Defendant's Initials

**PLEA AGREEMENT EXHIBIT A**

3

This Stipulation of Facts does not contain each and every fact known to Mr. Tis and to the United States concerning the offense of conviction, and is set forth for the limited purpose of establishing a factual basis for Mr. Tis's guilty plea.

Stipulated and agreed to:

_____   \_2-10-15_____
William E. Tis                        Date
Defendant

_____   \_10 Feb. 2015\_\_\_
Kathleen A. Gallagher                 Date
Counsel for Defendant

_____   \_2-10-15_____
Philip H. Wright                      Date
Assistant United States Attorney

_____
Defendant's
Initials

**PLEA AGREEMENT EXHIBIT A**

4