IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

```
_____x
                               :
UNITED STATES OF AMERICA,      :        Criminal Action
                               :
              Plaintiff,       :        No.  2:14-cr-00264
                               :
v.                             :
                               :        Date:  March 16, 2015
CHARLES HERZING,               :
                               :
              Defendant.       :
_____x
```

TRANSCRIPT OF PLEA HEARING HELD
BEFORE THE HONORABLE THOMAS E. JOHNSTON, JUDGE
UNITED STATES DISTRICT COURT
IN CHARLESTON, WEST VIRGINIA

APPEARANCES:

For the Government:          AUSA PHILIP H. WRIGHT
                            AUSA LARRY R. ELLIS
                            AUSA ERIC P. BACAJ
                            U.S. Attorney's Office
                            P.O. Box 1713
                            Charleston, WV  25326-1713

For the Defendant:          STEPHEN G. JORY, ESQ.
                            McNeer Highland McMunn & Varner
                            P. O. Box 1909
                            Elkins, WV 26241-1909

Probation Officer:          Matthew Lambert


Court Reporter:             Ayme Cochran, RMR, CRR

Proceedings recorded by mechanical stenography;
transcript produced by computer.

1          PROCEEDINGS had before The Honorable Thomas E. Johnston,

2     Judge, United States District Court, Southern District of West

3     Virginia, in Charleston, West Virginia, on March 16, 2015, at

4     2:02 p.m., as follows:

5          COURTROOM DEPUTY CLERK:  The matter before the Court is

6     the United States of America versus Charles Herzing, criminal

7     action 2:14-cr-00264-3, scheduled for a plea hearing.

8          THE COURT:  Good afternoon.  Will counsel please note

9     their appearances?

10         MR. WRIGHT:  Good afternoon, Your Honor.  Philip

11    Wright, Larry Ellis and Eric Bacaj and, also, James Lafferty.

12         MR. JORY:  Stephen Jory on behalf of the defendant,

13    Charles Herzing, who is also present in person.

14         THE COURT:  All right.  Good afternoon.

15       Mr. Herzing, will you please stand, and I will ask the

16    deputy clerk to administer an oath to you at this time.

17         COURTROOM DEPUTY CLERK:  Please raise your right hand.

18              **CHARLES HERZING, DEFENDANT, SWORN**

19         THE COURT:  You may be seated.

20       Mr. Herzing, do you understand that you are now under oath

21    and you must tell the truth and, if you testify falsely, you may

22    face prosecution for perjury or for making a false statement?

23         THE DEFENDANT:  Yes, Your Honor.

24         THE COURT:  All right.  Throughout the course of this

25    hearing, I'm going to be asking you a number of questions.  I

1  want to make sure that you and I are communicating clearly.  So,

2  if at any time you don't understand a question that I ask or

3  anything else that occurs in this hearing, I want you to feel

4  free to speak up and seek clarification.

5       Also, if at any time you need to confer with your attorney,

6  I'll be pleased to pause the proceedings to allow you to do so.

7       Do you understand all that?

8            THE DEFENDANT:  Yes, sir.

9            THE COURT:  Let me begin by asking you, how old are

10  you?

11            THE DEFENDANT:  64.

12            THE COURT:  And can you briefly describe your

13  educational background?

14            THE DEFENDANT:  I've got a Bachelor's Degree in

15  Chemical Engineering from Villanova University.

16            THE COURT:  And, just for the record, can you read and

17  write and understand the English language?

18            THE DEFENDANT:  Yes, I can.

19            THE COURT:  Can you briefly describe your work

20  experience?

21            THE DEFENDANT:  From the time I graduated college until

22  now, I've been in chemical sales; originally, with Union Carbide,

23  and then with a series of other companies since then.

24            THE COURT:  All right.  Have you taken any medicine or

25  drugs or consumed any alcoholic beverages within the last

```
 1   24 hours?

 2            THE DEFENDANT:  No, sir.

 3            THE COURT:  Including prescription drugs?

 4            THE DEFENDANT:  No, sir.

 5            THE COURT:  Have you ever been treated for any mental

 6   illness or addiction to drugs of any kind?

 7            THE DEFENDANT:  No, sir.

 8            THE COURT:  Do you know where you are and why you are

 9   here today?

10            THE DEFENDANT:  Yes, I do.

11            THE COURT:  Do you have any hearing impairment or other

12   disability which would prevent you from fully participating in

13   this hearing today?

14            THE DEFENDANT:  No, I do not.

15            THE COURT:  Mr. Jory, do you have any reason to

16   question the competence of your client?

17            MR. JORY:  I do not, Your Honor

18            THE COURT:  All right.  I believe I've been provided

19   with the original of the plea agreement.

20       Mr. Wright, has the plea agreement changed in any way since

21   the courtesy copy that was provided to my chambers?

22            MS. COLEMAN:  No, Your Honor.

23            THE COURT:  All right.  Very well.

24       Mr. Herzing, is that your signature that appears on the

25   seventh and final page of the plea agreement?
```

1          THE DEFENDANT:  Yes, it is.

2          THE COURT:  And are those your initials that appear on

3     the other pages of the plea agreement?

4          THE DEFENDANT:  Yes, they do.

5          THE COURT:  Have you read and reviewed with your

6     counsel each of the 16 paragraphs of the plea agreement and the

7     exhibits attached to the plea agreement?

8          THE DEFENDANT:  Yes, I have.

9          THE COURT:  And do you wish to have the various terms

10    of the plea agreement orally stated on the record or do you

11    believe that that's unnecessary?

12         THE DEFENDANT:  That's unnecessary.

13         THE COURT:  And do you understand and agree with all of

14    the terms and provisions contained in the plea agreement?

15         THE DEFENDANT:  Yes, I do.

16         THE COURT:  And, Mr. Jory, have you reviewed with your

17    client each of the 16 paragraphs in the plea agreement and the

18    exhibit attached to it?

19         MR. JORY:  We have reviewed that, Your Honor.

20         THE COURT:  All right.  Mr. Jory and Mr. Wright, is

21    there any reason why either of you believe that the various terms

22    of the plea agreement should be orally stated on the record?

23         MR. WRIGHT:  No, Your Honor.

24         MR. JORY:  No, Your Honor.

25         THE COURT:  All right.  Very well.

1          Nonetheless, Mr. Herzing, there are some provisions of the

2    plea agreement I want to discuss with you, starting with Section

3    10 on Page 4, and that is entitled "Stipulation of Facts and

4    Wavier of Federal Rule of Evidence 410".

5          Now, this section addresses a couple of different matters,

6    the first of which is the Stipulation of Facts, which is attached

7    to the plea agreement as Exhibit A, and I want to turn your

8    attention to that document now.  That is a four-page document

9    and, on the fourth page, is that your signature which appears

10   there?

11               THE DEFENDANT:  Yes, it is.

12               THE COURT:  And have you read the Stipulation of Facts?

13               THE DEFENDANT:  Yes, I have.

14               THE COURT:  And do you agree that all of the facts

15   contained in the stipulation are true?

16               THE DEFENDANT:  I believe so, yes.

17               THE COURT:  All right.  A little bit about what will be

18   happening from here on out.  I will be asking the probation

19   officer to prepare a Presentence Investigation Report.  That

20   report will contain detailed recommended factual findings

21   regarding this offense and your background, among other things.

22         Ultimately, at sentencing, I will make factual findings

23   based at least in part on the recommendations contained in the

24   Presentence Report.

25         Now, you and the government have reached an agreement

1    regarding certain facts contained in this stipulation, but I want

2    you to understand that in this process, neither the probation

3    officer, nor this Court, are bound by the Stipulation of Facts.

4    Do you understand that?

5            THE DEFENDANT:  Yes, I understand that.

6            THE COURT:  And do you further understand that if I

7    make factual findings that are different from or inconsistent

8    with the facts contained in the stipulation, you will still be

9    bound by your guilty plea and would have no right to withdraw it?

10   Do you understand that?

11           THE DEFENDANT:  I understand.

12           THE COURT:  All right.  Now, the other matter addressed

13   in Section 10 is a Waiver of Federal Rule of Evidence 410.

14       Now, first of all, do you understand that a "waiver" is a

15   legal term that means you're giving something up?

16           THE DEFENDANT:  Yes.

17           THE COURT:  All right.  And, then, Rule 410 generally

18   provides that information or documents regarding plea

19   negotiations, and this Stipulation of Fact would fall into that

20   category, those things are generally not admissible at trial; in

21   other words, the government can't use that sort of thing against

22   you at trial.

23       However, if you withdraw from this plea agreement or if it's

24   no longer any good because you have violated one or more of its

25   terms and there is a subsequent trial, then under this waiver,

1   the government would be allowed to present the Stipulation of

2   Facts in its case in chief or for other purposes at that trial.

3   Do you understand that waiver?

4           THE DEFENDANT:  Yes, I do.

5           THE COURT:  All right.  Next, I want to refer you to

6   Section 12 of the plea agreement, which appears on Page 5, and is

7   entitled "Waiver of Appeal and Collateral Attack".

8       Now, this section relates to a couple of different

9   procedures I want to describe to you briefly.

10      An "appeal" is a procedure by which a party to a case before

11  a District Court like this one and, in a criminal case, it's

12  often the defendant, goes to the Court of Appeals, or the next

13  level up of the court system, and argues that certain errors or

14  mistakes may have taken place in the defendant's criminal case

15  before the District Court.

16      A collateral attack is similar, and it's sometimes referred

17  to as a "habeas corpus petition", but it is a separate civil case

18  that a defendant may file after their criminal case is over in

19  which they also may argue that certain errors or mistakes may

20  have taken place in their criminal case before the District

21  Court.

22      Now, do you understand those two procedures, at least as

23  I've briefly described them to you?

24          THE DEFENDANT:  Yes, I do.

25          THE COURT:  All right.  The other thing I want to

1   explain to you before we get to Section 12 is that there are two

2   phases to a criminal case.  The first is the guilt or innocence

3   phase, and that phase begins at the very beginning of the case

4   and runs through all the proceedings up until that guilt or

5   innocence determination is made.  Sometimes, that's by a trial;

6   much more often, it's by a guilty plea, like what we're doing

7   today.

8       Next, then, is the penalty phase in which the penalty for

9   the crime is determined and that is -- generally concludes with a

10  sentencing hearing at the end of the case.

11      Now, do you understand the two phases of a criminal case, as

12  I've described them to you?

13              THE DEFENDANT:  Yes, I do.

14              THE COURT:  All right.  Give me just a moment.

15      (Pause).

16              THE COURT:  All right.  So, then, in the first

17  paragraph of Section 12, do you understand that you waive the

18  right to appeal your conviction and any sentence of imprisonment,

19  fine or term of probation, or the manner in which the sentence

20  was determined on any ground whatsoever, with one exception, you

21  may appeal any sentence that is greater than the maximum penalty

22  set forth by statute?  Do you understand that waiver?

23              THE DEFENDANT:  Yes, I do.

24              THE COURT:  Anything about it that you don't understand

25  or that you have questions about?

1          THE DEFENDANT:  No.  I'm fine.

2          THE COURT:  All right.  Then, in the second paragraph

3     of Section 12, do you also understand that you may not file a

4     later civil proceeding, sometimes referred to as a "collateral

5     attack" or a "habeas corpus petition", challenging your plea,

6     conviction or sentence?

7          THE DEFENDANT:  Yes.  I understand.

8          THE COURT:  And, finally, do you understand that you

9     are in no event waiving your right to claim ineffective

10    assistance of counsel either on appeal or by collateral attack?

11         THE DEFENDANT:  I understand.

12         THE COURT:  All right.  Next, I want to refer you to

13    Section 13 of the plea agreement, which is also on Page 5, and

14    it's entitled "Waiver of FOIA and Privacy Right."  Now this

15    waiver means that you can't go back after this case is over and

16    seek documents or other information about the case from the

17    government, even with a Freedom of Information Act request.  Do

18    you understand that waiver?

19         THE DEFENDANT:  Yes, I do.

20         THE COURT:  Now, Mr. Jory, have you thoroughly reviewed

21    the plea agreement with your client?

22         MR. JORY:  Yes, Your Honor.

23         THE COURT:  And do you believe that he fully

24    understands the various terms and provisions of the plea

25    agreement, including the waivers and other matters that I have

1          gone other with him this afternoon?

2                    MR. JORY:  I do, Your Honor.

3                    THE COURT:  And, Mr. Herzing, have you reviewed the

4          plea agreement in detail with your attorney?

5                    THE DEFENDANT:  Yes.

6                    THE COURT:  And do you believe that you have had

7          adequate time to discuss your case fully with your attorney?

8                    THE DEFENDANT:  Yes, I have.

9                    THE COURT:  Has your attorney answered any questions

10         that you have had about your case?

11                   THE DEFENDANT:  Yes.

12                   THE COURT:  And, Mr. Jory, during your representation

13         of the defendant, has he been cooperative?

14                   MR. JORY:  He has, Your Honor.

15                   THE COURT:  Mr. Herzing, has anything further been

16         agreed to, either orally or in writing, that is not contained in

17         the plea agreement?

18                   THE DEFENDANT:  No, Your Honor.

19                   THE COURT:  All right.  I will order that the plea

20         agreement be filed.

21            I will find that the defendant understands and agrees with

22         the terms contained in the plea agreement.

23            I will defer accepting or rejecting the plea agreement until

24         sentencing, after the Presentence Report has been received and

25         considered.

1          Now, Mr. Herzing, have you received and read and reviewed

2     with your attorney the superseding indictment returned by the

3     grand jury in this case?

4               THE DEFENDANT:  Yes.

5               THE COURT:  And do you understand the charges contained

6     in the superseding indictment?

7               THE DEFENDANT:  Yes, I do.

8               THE COURT:  And would you like me to read the

9     superseding indictment to you or will you waive the reading?

10              THE DEFENDANT:  I'll waive the reading.

11              THE COURT:  All right.  As I understand it, you will be

12    pleading guilty to Count 2 of the superseding indictment, which

13    charges you with causing unlawful discharge of refuse matter into

14    navigable water in violation of 33 U. S. C. Sections 407 and 411.

15         Now, I want to go over that charge and that statute with you

16    in just a little bit more detail.

17         Section 407 of Title 33 states in pertinent part that:

18         "It shall be unlawful to cause to be discharged, or

19    deposited from the shore any refuse matter of any kind or

20    description whatever other than that flowing from streets and

21    sewers and passing therefrom in liquid state, into any navigable

22    waters in the United States, provided that the Secretary of the

23    Army, whenever in the judgment of the Chief of Engineers

24    anchorage and navigation will not be injured thereby, may prevent

25    the deposit of any material above mentioned in navigable waters,

within limits to be defined and under conditions to be prescribed
by him, provided application is made to him prior to depositing
such material; and, whenever any permit is so granted, the
conditions thereof shall be strictly complied with, and any
violation thereof shall be unlawful."

Now, in order to prove that charge against you, the
government would have to prove the following elements, each
beyond a reasonable doubt, and they are:

First, that you caused refuse to be discharged or deposited
into a navigable water of the United States;

And, second, you did so without a permit or in violation of
the permit.

Now, I want to share with you some definitions that apply to
what I have just told you.

The word "cause" means that the result was a probable
consequence of your conduct.

The word "refuse" includes all foreign substances and
pollutants apart from those flowing from streets and sewers and
passing therefrom in a liquid state.

"Discharge" means to pour forth or emit.

"Deposit" means to lay, place, or throw something down.

The term "navigable waters" means the waters of the United
States, including the territorial seas;

And a "permit" is a permit issued by the U. S. Army Corp of
Engineers.

1          Is there any objection to the elements as I have described

2     them?

3                MR. WRIGHT:  No, Your Honor.

4                MR. JORY:  No, Your Honor.

5                THE COURT:  All right.  I note that you are also named

6     in Counts 1 and 3 of the superseding indictment but, as I

7     understand it, propose to plead guilty to Count 2 and, with

8     regard to Count 2, I now want to go over with you any maximum and

9     minimum penalties you may face as a result of your plea, and that

10    is a minimum term of imprisonment of 30 days and a maximum term

11    of imprisonment of one year; a fine of up to $25,000.00 per day

12    of violation -- or date of violation, alternatively; and a

13    maximum fine of $100,000.00, or twice the gross pecuniary gain or

14    loss resulting from your conduct, whichever is greater; and a

15    maximum term of supervised release of one year.  A mandatory

16    special assessment of $25.00 would be required; and restitution

17    could be ordered, if it were found to be applicable.

18         Next, I want to talk with you regarding the federal

19    sentencing guidelines.  Has your attorney talked with you about

20    the guidelines and how they generally work?

21                THE DEFENDANT:  Yes, Your Honor.

22                THE COURT:  And has he shown you that chart in the back

23    of the book?

24                THE DEFENDANT:  Yes, he has.

25                THE COURT:  Has he explained to you how the chart might

1    work, at least in your particular case?

2              THE DEFENDANT:  Yes.  It's been explained to me.

3              THE COURT:  All right.  Well, the guidelines are

4    advisory, meaning they're not mandatory or don't have to be

5    followed, but they'll nevertheless play an important role in your

6    case from here on out.

7        This Court will consider the factors set forth in 18 U. S.

8    C. Section 3553(a), including the advisory guidelines, in

9    determining the appropriate sentence in this case.

10       I now want to ask you some questions that will help me to

11   understand your understanding of the guidelines.

12       Have you discussed with your attorney the various factors

13   which apply in determining what the sentence in your case may be

14   under the advisory guidelines?

15             THE DEFENDANT:  Yes, I have.

16             THE COURT:  I'm sorry?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  And do you understand that, on Count 2, you

19   cannot in any event receive a greater sentence than the statutory

20   maximum that I explained to you earlier?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Do you understand that the Court will not

23   determine the sentence for your case until a later date, when a

24   Presentence Report has been completed, and both you and the

25   government have had an opportunity to challenge the facts and

1    analysis as reported by the probation officer?

2            THE DEFENDANT:  Yes, I understand.

3            THE COURT:  Do you also understand that under a concept

4    known as "relevant conduct", this Court, in determining the Total

5    Offense Level for sentencing purposes under the guidelines, may

6    take into account any conduct, circumstances or injuries relevant

7    to the crime of which you may be convicted?

8            THE DEFENDANT:  I understand.

9            THE COURT:  Do you understand that after the Court has

10   determined what advisory guidelines apply to your case, the Court

11   has the authority to vary or depart from the advisory guidelines

12   and impose a sentence that is more severe or less severe than the

13   sentence called for by the guidelines?

14           THE DEFENDANT:  I understand.

15           THE COURT:  Do you understand that in determining your

16   sentence, the Court is obligated to calculate the applicable

17   sentencing guideline range and to consider that range, possible

18   departures under the guidelines, and other sentencing factors

19   under 18 U. S. C. Section 3553(a)?

20           THE DEFENDANT:  I understand.

21           THE COURT:  Do you understand that parole has been

22   abolished and, if you're sentenced to prison, you will not be

23   released on parole?

24           THE DEFENDANT:  I understand.

25           THE COURT:  Do you understand, if the Court accepts

```
 1    your plea of guilty and the sentence ultimately imposed upon you

 2    is more severe than you had hoped for or expected, you will still

 3    be bound by your guilty plea and would have no right to withdraw

 4    it?

 5                THE DEFENDANT:  I understand.

 6                THE COURT:  Next, I want to talk with you regarding

 7    your trial and constitutional rights.

 8        You have the right to continue to plead not guilty and

 9    maintain a not guilty plea throughout these proceedings,

10    including at trial.

11        You have the right to be represented by counsel.

12        You have the right to a speedy and public trial by a jury

13    composed of citizens of this district.

14        You have the right to confront and have your attorney cross

15    examine witnesses and have your attorney move to suppress any

16    evidence he believes was illegally or unconstitutionally

17    obtained.

18        You have the right not to testify or otherwise incriminate

19    yourself, and your exercise of this right cannot be held against

20    you.

21        Do you understand these rights so far?

22                THE DEFENDANT:  I do.

23                THE COURT:  You have the right to have the government

24    come in here and prove its case beyond a reasonable doubt.

25        The jury's verdict would have to be unanimous.
```

```
 1            You have the right to present evidence on your own behalf.
 2            You have the right to testify on your own behalf at trial;
 3            And you have the right to subpoena witnesses to testify for
 4     you.
 5         Do you understand all of these rights?
 6             THE DEFENDANT:  I do.
 7             THE COURT:  Any of them that you don't understand or
 8     that you have questions about?
 9             THE DEFENDANT:  No, sir.
10             THE COURT:  Other than your right to counsel, do you
11     understand that you will be giving up all of these rights by
12     entering a plea of guilty?
13             THE DEFENDANT:  I understand.
14             THE COURT:  Do you also understand that you will be
15     giving up any argument that the U. S. Attorney's Office should be
16     disqualified from this case by entering a plea of guilty?
17             THE DEFENDANT:  Yes.  I understand that.
18             THE COURT:  Do you understand that once you have
19     entered a plea of guilty, there's not going to be a trial, no
20     jury verdict, and no findings of innocence or guilt based on
21     disputed evidence presented to me or to a jury?
22             THE DEFENDANT:  I understand.
23             THE COURT:  Do you believe that you fully understand
24     the consequences of entering a plea of guilty?
25             THE DEFENDANT:  Yes, I do.
```

1          THE COURT:  And, Mr. Jory, having reviewed this case

2    and the plea agreement in detail with your client, do you believe

3    that he fully understands his rights and fully understands the

4    consequences of entering a plea of guilty?

5          MR. JORY:  I do, Your Honor.

6          THE COURT:  All right.  I note that there is a

7    Stipulation of Facts.  Is there any objection to the Court

8    utilizing that stipulation in its consideration of the factual

9    basis?

10          MR. WRIGHT:  No, Your Honor.

11          MR. JORY:  No, Your Honor.

12          THE COURT:  All right.  Very well.  The Court will so

13    proceed.

14       Mr. Herzing, will you please stand?

15       As to the charge contained in Count 2 of the superseding

16    indictment, how do you plead, sir, guilty or not guilty?

17          THE DEFENDANT:  Guilty.

18          THE COURT:  You may be seated.

19       Your counsel has been provided with a written Plea of Guilty

20    Form.  I would ask that you go over that with him, if necessary,

21    sign and date it.  Then I will ask him to sign it and tender it

22    to the Court.

23       All right.  I'll note for the record that the defendant has

24    signed and dated the written plea of guilty form, it has been

25    witnessed by his attorney, and I will order that it be made a

1      part of the record for this proceeding.

2          Mr. Herzing, is this plea the result of any threat, or

3      coercion, or harassment of you by anyone?

4                  THE DEFENDANT:  No, sir.

5                  THE COURT:  Is it the result of any promise or

6      inducement other than those contained in the plea agreement?

7                  THE DEFENDANT:  No.

8                  THE COURT:  Are you pleading guilty to protect anyone?

9                  THE DEFENDANT:  No.

10                 THE COURT:  Are you acting voluntarily and of your own

11     will in entering this guilty plea?

12                 THE DEFENDANT:  Yes, I am.

13                 THE COURT:  Has anyone promised or predicted the exact

14     sentence which will be imposed in your case?

15                 THE DEFENDANT:  No, sir.

16                 THE COURT:  Do you understand no one could know at this

17     time the exact sentence which will be imposed?

18                 THE DEFENDANT:  I understand.

19                 THE COURT:  Has your attorney adequately represented

20     you in this matter?

21                 THE DEFENDANT:  Definitely.

22                 THE COURT:  Has your attorney left anything undone

23     which you think should have been done?

24                 THE DEFENDANT:  No, sir.

25                 THE COURT:  Have you or your attorney found any defense

1    to the charge contained in Count 2?

2              THE DEFENDANT:  No, sir.

3              THE COURT:  Are you, in fact, guilty of the crime

4    charged in Count 2?  In other words, did you do it?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  All right.  I will find that the defendant

7    is competent and capable of entering an informed plea; that the

8    plea is freely and voluntarily made; that the defendant

9    understands the nature of the charges and is aware of the

10   consequences of the plea.

11       I will find that the defendant understands his rights and

12   understands that he is giving up these rights by entering a plea

13   of guilty.

14       I will defer a factual basis finding, but I will accept the

15   plea of guilty to Count 2 of the superseding indictment and will

16   defer adjudging the defendant guilty until the time of

17   sentencing.

18       I will ask the probation officer to prepare a Presentence

19   Investigation Report.

20       Mr. Herzing, it is important that you cooperate fully with

21   the probation officer in the preparation of the Presentence

22   Report.  If you fail to cooperate fully and truthfully with the

23   probation officer, you may be subject to enhancement of your

24   sentence or the forfeiture of certain sentence reductions for

25   which you might otherwise be eligible.

1     It is also important that you not commit any additional

2   crimes between now and sentencing, as there are additional

3   punishments that may imposed for committing additional crimes.

4     I'm going to set this matter for sentencing on June 22nd,

5   2015, at 10:00 a.m.  I will put the other presentencing dates in

6   my post-plea order.

7     I note that the defendant is currently on, I assume, a

8   $10,000.00 unsecured bond.  Is there any objection to the

9   defendant remaining on that bond pending sentencing?

10          MR. WRIGHT:  No, Your Honor.

11          THE COURT:  All right.  I will allow the defendant to

12   remain on that bond pending sentencing.

13     Is there anything else we need to take up today?

14          MR. WRIGHT:  No, Your Honor.

15          MR. JORY:  Your Honor, we don't need to take it up

16   today, but I just want to alert the Court, I do have a conflict

17   on that date, June 22, but we can address that later.

18          THE COURT:  Is it the kind of conflict that might

19   resolve itself?

20          MR. JORY:  No, Your Honor.  I have airline tickets and

21   I will be flying that day.

22          THE COURT:  Okay.  All right.  Well, while we're here,

23   do you have your calendar with you?

24          MR. JORY:  I do, Your Honor, but, of course, things may

25   be delayed anyway, so -- but we'll see.

```
 1              THE COURT:  Okay.  Well, that's a good point, I
 2     suppose.  We might as well wait and see, but we'll flag it and,
 3     if we get a month or so out and it's still an issue, then --
 4              MR. JORY:  I'll certainly bring it up.
 5              THE COURT:  Is there a period of time associated with
 6     that travel that you won't be available?
 7              MR. JORY:  Yes.  It will be about two weeks, and that's
 8     the end of it.  I'm coming home that day.
 9              THE COURT:  Oh, I see.  Okay.
10              MR. JORY:  Yes, sir.
11              THE COURT:  All right.  Very well.
12         All right.  Anything else we need to take up today?
13              MR. WRIGHT:  No, Your Honor.
14              MR. JORY:  Nothing further, Your Honor.  Thank you.
15              THE COURT:  All right.  Thank you.
16         (Proceedings concluded at 2:24 p.m., March 16, 2105.)
17
18     CERTIFICATION:
19
20         I, Ayme A. Cochran, Official Court Reporter, certify that
21     the foregoing is a correct transcript from the record of
22     proceedings in the matter of United States of America, Plaintiff
23     v. Charles Herzing, Defendant, Criminal Action No. 2:14-cr-00264,
24     as reported on March 16, 2015.
25
```

1    S/Ayme A. Cochran, RMR, CRR                    April 28, 2015

2    Ayme A. Cochran, RMR, CRR                           DATE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25